UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(at Greenbelt)

From: MRS. JOY KRISTINA HARLEY HOLLAND        )
                                              )   Case No. 14-13469
                                              )   Chapter 13
                                              )
                                              )
          Debtor,                             )

   To:   NATIONSTAR MORTGAGE LLC
         CEO, CFO, COO & REGISTERED AGENT
         RICHARD A. LASH
         BARRY K. BEDFORD
         DAVID A. ROSEN
         KEIBARD W. HARRINGTON, JR.
         ROBERT E. KELLEY
         350 Highland Drive
         Lewisville, TX 75067

         BUONASSISSI, HENNING & LASH
         CEO, CFO, COO & REGISTERED AGENT
         1861 Wiehle Avenue, Suite 300
         Reston, VA 20190

         WEINSTEIN, PINSON & RILES, BK Services
         2001 Western Avenue, Suite 400
         Seattle, WA 98121

         FIRST HORIZON MORTGAGE PASS-THROUGH
         CERTIFICATES SERIES FHAMS 2006-FA5
         C/O BANK OF NEW YORK OF MELLON, TRUSTEE
         101 Barclay Street, 4W
         New York, NY 10286

         NANCY L. SPENCER GRIGSBY
         4201 Mitchellville Road
         Suite 401
         Bowie, MD 20716



              Claimant,

### NOTICE OF CLAIM DISPUTE
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT
### APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

 I, JOY KRISTINA HARLEY HOLLAND, Debtor herein, objects to your claim submitted to the US Bankruptcy Court of Maryland on April 1, 2014 in the amount of $507,559.72. This claim states that the Claimant loaned me money for real estate property 11114 Elon Court, Bowie, Maryland 20720 and that Nationstar Mortgage, LLC is the authorized agent for the creditor.

I have very serious concerns regarding the validity, proper enforcement and originality of this said Debt. I am objecting to the above said amount and have listed the reasons why in a memorandum.

**PLEASE TAKE NOTICE: ANY RESPONSIVE PLEADING IN OPPOSITION TO THIS OBJECT TO CLAIM MUST BE FILED IN WRITING NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS OBJECTION AS SHOWN ON THE CERTIFICATE OF SERVICE. THE RESPONSE MUST BE IMMEDIATELY SERVED UPON THE UNDERSIGNED. IF NO RESPONSE IS FILED, THE COURT MAY GRANT THIS OBJECTION WITHOUT FURTHER NOTICE ON EXPIRATION OF THE RESPONSE PERIOD.**

**IF A RESPONSE IS FILED, THE UNDERSIGNED OBJECTOR SHALL SET THE MATTER FOR HEARING AND PROVIDE NOTICE THEREOF PURSUANT TO L.R. 3007-1.**

_____
Signature of Debtor

## MEMORANDUM OF REASONS FOR OBJECTION

I, Joy K. Harley Holland, Debtor in matter object to the validity of the proposed "arrears debt" and 'secured debt" that the Claimant says I owe. Furthermore, I object because no evidence has been provided by the Claimant that they have custody of all documentation relative to this debt.

I, Joy K. Harley Holland, Debtor in matter object to this debt because the Claimant has not disclosed the name of the custodian from inception of the loan through present time, the actual party who held the original loan documents including but not limited to the: NOTE, DEED OF TRUST, MORTGAGE, ORGINAL LOAND APPLICATION, ALL GOOD FAITH ESTIMATES, BROKER AGREEMENTS, AND TRUTH IN LENDING DISCLOSURE STATEMENTS.

Alleged Debt in the Arrears

I, Joy K. Harley Holland, Debtor in matter am disputing the accounting and servicing of the debt in the arrears in the amount of $61,098.43 because I discovered from the Claimant that the full terms of this modification were not fully revealed. NationStar did not disclose the full schedule of payments of this agreement, nor the schedule of payments after terms listed on the modification. I became aware that this agreement was a 30 year agreement, but I signed a 25 year agreement. This contract was misrepresented by NationStar. I have strong reason to believe that the loan terms were purposely misrepresented to me at the time of signing.

Secured Claim Amount

I, Joy K. Harley Holland, Debtor in matter am disputing this alleged secured claim amount because the Claimant may have not taken possession of the origination of the alleged mortgage and note including <u>my loan application</u> (s), Right to cancel, deed of trust, note, adjustable rate note, addendum to the notes for interest only payment period, truth in lending statements, good faith estimates (GFE), HUD 1, appraisals, and all required disclosures and rate sheets associated with these transactions of this debt. I believe the

Claimant may have not went through a proper chain of assignments and that the lien positions were not properly perfected.

In order for these records to be admissible as an exception from the hearsay rule under FED. R. EVID. 803(6) there must be a showing that the records were: (1) made at or near the time by, or from information transmitted by, a person with knowledge; (2) made pursuant to a regular practice of the business activity; (3) kept in the course of regularly conducted business activity; and (4) the source, method, or circumstances of preparation must not indicate lack of trustworthiness.

VALIDATION OF DEBT

On February 17, 2014, through a private remedy procedure, I sent to the Claimant a Notice of Loan Dispute/Debt Validation and have not received a response. This letter was deemed a Qualified Written Request ("QWR") pursuant to Title 12 USC Section 2605(e) (1) (A) of the REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") 12 U.S.C. §2600, *et seq.* HUD Regulation X Section 24 C.F.R. . . §3500.21 (f) (2) of the U, et. seq.

   A. a dispute of the debt and request for validation of the debt pursuant to the FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA") 15 U.S.C. §1692 related to the servicing and foreclosure of the above captioned loan;
   B. a demand for owner under TRUTH LENDING ACT ("TILA") 15 U.S.C. § 1641(F)(2);
   C. a request for all transfers of the loan pursuant to 15 U.S.C. §1641(g) requiring ownership information upon transfer of the ownership of the note;
   D. a request for information regarding lender paid mortgage insurance ("LPMI") under THE HOMEOWNER PROTECTION ACT of 1998 ("HOPA") 12 U.S.C. §4907. Under HOPA of 1998, other state laws, and UDAP claims can be maintained as derivative actions for violation of HOPA. LPMI without disclosure is a violation of HOPA and *all* parties who participated in receiving fees and making claims with *actual* knowledge that this insurance was not disclosed will be in violation of HOPA and a participant in insurance fraud.
   E. a demand for disclosure of loan modification terms offered to other similarity situated borrowers under EQUAL CREDIT OPPORTUNITY ACT ("ECOA") 15 U.S.C. §1691;
   F. a demand to observe all consumer rights under the FAIR CREDIT REPORT ACT ("FCRA") 15 U.S.C. §1681 and REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") 12 U.S.C. §2600 related to the dispute of the debt;
   G. a demand for full loan accounting, servicing records, payoff information, and all fees assessed.

RESPPA provides substantial penalties and fines for non-compliance or failure to answer my questions and I have not received a response to date.

OWNERSHIP PROOF DEMANDED – ORIGINAL NOTE DEMANDED

Bearer Paper

I object until I am provided full disclosure under UCC Code, which is the governing law of the securitized trusts, the proper legal jurisdiction of the trust, whether or not it is a legal REMIC, any dissolution, merging of trusts, and legal tax EIN ID number. Securitization trusts are purported to be

separate legal entities and bankruptcy remote organized under the law of the state of Delaware or New York and Defendant demands the legal registration of said loan trust and legal notice address.

UCC CODE

If you claim that the Note is held pursuant to UCC Code or with an endorsement in blank as bearer paper, provide the name of the Document Custodian from inception of this loan to present and party that will claim to be holder by possession of said instrument.

Debtor request evidence substantiating claims that the NOTE fulfills the technical requirements of negotiability, UCC §3-104 provides rules governing the obligations of participants on the notes and the enforcement of those obligations. State if the Note is either negotiable or non-negotiable and provide all of the relevant information under UCC CODE §3-203, §3-110, §3-301, §3-302, §3-305.

Debtor request that if you are currently in possession of the original (not a copy), genuine, wet-ink signature promissory note that I signed at the closing of this transaction which is the only proof that you are the true and bona fide holder.

Debtor requests information regarding any holder in due course, party with right to enforce any party with physical custody of bearer paper, and complete chain of physical custody, if that is how the Note is held. Provide all the following:

> §3-203. TRANSFER OF INSTRUMENT; RIGHTS ACQUIRED BY TRANSFER.
>
> §3-110. IDENTIFICATION OF PERSON TO WHOM INSTRUMENT IS
>
> PAYABLE
>
> §3-119. NOTICE OF RIGHT TO DEFEND ACTION.
>
> §3-301. PERSON ENTITLED TO ENFORCE INSTRUMENT.
>
> §3-302. HOLDER IN DUE COURSE.
>
> §3-305. DEFENSES AND CLAIMS IN RECOUPMENT.
>
> §3-104. REQUIREMENTS FOR NEGOTIABLE INSTRUMENT.

Debtor requests evidence provided of negotiability other than Article 3, including contract law, which governs determination for non-negotiable mortgage notes. Pursuant to common law principles, such as the law of agency, which supplement the provisions of the UCC and create some situations in which the text or comments of the UCC identify such principles as being relevant, and pursuant to UCC § 1-103(b).

Debtor requests evidence pursuant to Article 9 of the UCC which contains important rules governing how ownership of notes may be transferred, the effect of the transfer of ownership of the notes on the ownership of the mortgages in the applicable real estate recording office. Private participants cannot make a note negotiable unless it complies with UCC § 1-104. See Official Comment 1 to UCC §1-302. Similarly, participants may not avoid the application of UCC Article 9 to a transaction that falls within its scope. See *id.* And Official Comment 2 to UCC §9-109.

Pursuant to UCC Section 3-301 produce evidence that you have met the requirements (3 ways exist) under which a person may qualify as the person entitled to enforce a note, two of which require the person to be in possession of the note (which, for this purpose, may include possession by a third party such as an agent).

Debtor requests, if you claim that you qualify as the person entitled to enforce a note is to be its "holder." This concept, set out in detail in UCC Section 1-201(b)(21)(A), requires that the person be in possession of the note and either (i) the note is payable to that person or (ii) the note is payable to bearer.

Disclose if you claim to be the person entitled to enforce a note as a "non-holder in possession of the [note] who has the rights of a holder." This can occur by operation of law outside the UCC, such as the law of UCC §3-412. (If the note has been dishonored, and an endorser has paid the note to the person entitled to enforce it, the maker's obligation runs to the endorser.) UCC §3-602.

In states that have enacted the 2002 Official Text of UCC Article 3, a maker is also discharged by paying a person formerly entitled to enforce the note if the maker has not received adequate notification that the note has been transferred and that payment is to be made to the transferee. See UCC §3-502. See also UCC §3-602. See UCC §1-103(b). See also UCC §3-420, Comment 1 ("Delivery to an agent [of a payee] is deliver to the payee."). A "delivery" of a negotiable instrument is defined in UCC §1-201(b)(15).

If the Note is claimed to be lost, stolen, missing and/or destroyed, then, there may be fraud involved and if the note and that the supposedly lost note is not lost, but may have been intentionally destroyed due to missing assignments on the note which may have made it void and a legal nullity, thus someone may have exploited key and vital evidence.

REQUEST FOR PRODUCTION OF DOCUMENTS

Please do not respond that you selectively will provide the information *you* deem covered under a RESPA QWR request. I am seeking information to assist in avoiding a foreclosure. It is not your right to decide which information is sought for that purpose or for some other purpose that you deem irrelevant. Dodd-Frank clarifies that a borrower's request may seek "to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, **or avoiding foreclosure,** or **other standard servicer's duties.**

YOU MUST PRESERVE ALL EVIDENCE UPON THIS OBJECTION NOTICE.

Debtor requests all changes in document custody and produce the complete record of document custody of all original documents, and an Affidavit statement from the custodian that it has held possession of the complete, original loan file documents received immediately following closing and that they are prepared to offer them for physical inspection. In the Affidavit state whether or not the original loan documents were imaged and destroyed.

Produce any side letter agreement for the servicer or other party to act as document custodian if the named document custodian in the securitization filings with the SEC did not possess the files since inception. Or, you may disclose the name of the document custodian and address of a party who can accept a subpoena for these records.

## TAKE NOTICE

Claimant's failure to provide Debtor with the requisite verification, validating the above referenced alleged debts within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of this state, signifies that Claimant tacitly agrees that:

a. Claimant has no lawful, bona fide, verified claim, re the above referenced alleged account;

b. Claimant waives any and all claims against Debtor, and

c. Claimant tacitly agrees that Claimant will compensate Debtor for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts, re the above-referenced alleged amount.

d. Failure of Claimant to properly and legally verify/validate alleged debts as required in this notice is a self-executing irrevocable power of attorney authorizing Debtor named herein to direct the permanent removal, on behalf of the alleged Claimant, of any and all references to said account in any and all credit reporting agency files of any type.

Your response will constitute my effort to resolve this on-going debt claim between the parties involved. Until full disclosure is achieved, there can be no case collection or action. "No civil or criminal cause of action can arise lest, out of fraud, there be a valid, honest contract." See *Eads v. Marks* 249 P. 2d 257, 260.

I am prepared to resume payment of this Promissory Note, but before continuing with my payments with you, I need to be certain that you are still the RIGHTFUL Holder in Due Course of my Promissory Note and that no other party may come back to me at a later time to lay claim against my property.

I respectfully request to visually inspect **MY ORIGINAL WET INK SIGNATURE PROMISSORY NOTE**

Failure to respond to this notice will be taken as an <u>administrative default</u> as per the Administrative Procedures Act of 1946.

Failure to produce the **ORIGINAL WET INK SIGNTURE PROMISSORY NOTE** will be taken as an <u>Administrative Default.</u>

Please be advised. **A COPY of the said Note nor** an **Affidavit of Loss or any other forms will <u>not be acceptable.</u>**

As such, please send to me, at the above address, the documents requested from my <u>Notice of Loan Dispute/Debt Validation</u> and <u>Request for Production of Documents</u> within the lawful time frame. Upon receipt of the documents, an examination and review will be made that may lead to further document requests, as well as answers to questions under an additional RESPA Qualified Written Request letter.

It is my hope that you provide me the documents that I have requested, in accordance with law and that the documents validate the debt to the penny and, if any, should correct any abuses or schemes uncovered and documented.